OPINION OF THE COURT
Per Curiam.
Michael M. Lease has submitted an affidavit dated September 18, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Lease was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 31, 1982.
Mr. Lease acknowledges that he is the subject of an investigation by the Grievance Committee for the Ninth Judicial District which has thus far revealed violations of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a) (prohibition against commingling and misappropriation of client funds or property), (c) (3) (failing to maintain complete records of all funds, securities, and other properties of a client or third person and/or rendering appropriate accounts to the client or third person regarding them), (d) (failing to maintain required books and records) and (i) (failing to make available or produce records requested by notice or subpoena). He avers that he would not be able to successfully defend himself on the merits against a motion seeking his immediate suspension or charges predicated on the above violations.
Mr. Lease further acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress, and that he is aware of the implications of submitting his resignation.
Finally, Mr. Lease acknowledges that his resignation is submitted subject to any application that might be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyer’s Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a), as well as the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). Mr. Lease specifically waived the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that Mr. Lease’s resignation be accepted.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective *238 immediately, Mr. Lease is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, EJ., Mastro, Rivera, Skelos and Miller, JJ., concur. Ordered that the resignation of Michael M. Lease is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael M. Lease is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Michael M. Lease shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further, Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael M. Lease is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Michael M. Lease has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).